UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARLAND DOMINGUE, TASHA DOMINGUE AND KAILEY DOMINGUE** | CIVIL ACTION NO.: _____ |
| **VERSUS** | |
| | JUDGE _____ |
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY, ROYAL T EXPRESS TRANSPORT, LLC, AND TERRENCE PEGUES** | MAG. JUDGE _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446, and for the sole purpose of removing this matter to the United States District Court for the Middle District of Louisiana, Defendant, Royal T Express Transport, LLC ("Defendant"), states as follows:

### I.    Background and Procedural Requirements

1.    Royal T Express Transport, LLC is a defendant in the matter captioned *"Garland Domingue, et al v. National Liability & Fire Insurance Company, et al"* originally filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, under Docket No. C-735934, Div. "23" (the "State Court Action"). See Exh. A, State Court Record.

2.    Plaintiffs filed a Petition for Damages (the "Petition") in the State Court Action on August 15, 2023 (Exh. A, p. 1), which Petition was served on Royal T Express Transport, LLC on August 25, 2023. (Exh. A, p. 16)

3.    This Notice of Removal is timely filed as it is being filed within thirty days after Royal T Express Transport, LLC's receipt of the Petition setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

4.     Pursuant to 28 U.S.C. § 1446(a) Royal T Express Transport, LLC attaches as Exhibit "A" hereto a copy of all process, pleadings and orders served on Royal T Express Transport, LLC in the State Court Action (as of the date of removal) as Exhibit "A".

## II.     Complete Diversity Exists

5.     Plaintiffs allege they are residents and domiciliaries of the State of Florida.  See Exh. A, p 1.

6.     No properly joined defendant in this action is a citizen of the State of Louisiana, and all defendants are completely diverse from Plaintiffs.

7.     Defendant, Royal T Express Transport, LLC, is a Texas limited liability company with its principal place of business located at 5318 Weslayan Street, Unit 610, Houston, Texas 77005. Royal T Express Transport, LLC has one member, Terrence Pegues, who is a citizen of the State of Texas. See Exh. A, p. 1.

8.     Defendant, National Liability & Fire Insurance Company, is a Nebraska insurance corporation, with its principal place of business located at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102. See Exh. C

9.     Defendant, Terrence Pegues, is a resident and domiciliary of Spring, Texas, and is a citizen of the State of Texas, who resides at 3035 Country Boy Court, Spring, Texas 77373. See Exh. B.

10.     Complete diversity exists between Plaintiffs, Garland Domingue, et al, and defendants, Royal T Express Transport, LLC, National Liability & Fire Insurance Company, State Farm Mutual Automobile Insurance Company, and Terrence Pegues, and this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332.

### III.    Amount in Controversy

11.    Plaintiffs' Petition seeks a monetary judgment against defendants, but it does not plead a specific sum demanded or amount in controversy.

12.    Louisiana Code of Civil Procedure Art. 893(A)(1) prohibits the inclusion of a specific monetary amount of damages "in the allegations or prayer for relief of any original, amended, or incidental demand."[1]  Further, LA. C.C.P. Art. 893(A)(2) provides that where a petition is filed in violation of LA. C.C.P. Art. 893, "the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition."

13.    Pursuant to 28 U.S.C. §1446(c)(2), Defendant asserts that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. In the Petition, Plaintiffs allege to have suffered severe bodily injuries requiring hospitalization, surgeries, and ongoing medical treatment, in addition to past and future medical expenses; past and future pain and suffering; past and future mental anguish; past and future loss of enjoyment of life; past and future economic damages; expenses arising and made necessary from this accident; and loss of consortium, society, and services arising from injuries to their spouse (Garland and Tasha Domingue only) (Exh. A, p. 4).

14.    Plaintiffs allege that defendants' actions caused their injuries.  (Exh. A, pp. 4-5).

15.    Plaintiffs generally pray for entry of judgment as to all damages occasioned by plaintiffs.  (Exh. A, p. 5).

---

[1]    La. C.C.P. Art. 893(A)(1) specifically states, in pertinent part: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required…"

16.     Additionally, Plaintiffs' counsel has provided the undersigned with medical bills, for treatments of injuries allegedly arising out of the accident, indicating that plaintiffs have already undergone extensive treatment, amounting to more than $1,000,000, and Plaintiffs' treatment is currently ongoing. Said medical lien is attached as Exhibit "F".

17. Given the extent of Plaintiffs' alleged injuries and damages, per the medical records provided by plaintiffs' counsel and the allegations of the petition, Defendant respectfully submits that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.     Diversity Jurisdiction

18.     This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which there is complete diversity between the parties, and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### V.     Venue

19.     Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Middle District of Louisiana is the federal judicial district encompassing the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana, where this action was originally filed. See Exh. A.

### VI.     Effectuation of Removal

20.     Royal T Express Transport, LLC hereby removes this action to the United States District Court for the Middle District of Louisiana.

24.     By filing this Notice of Removal, Royal T Express Transport, LLC expressly consents to the removal.

25.     The consent to removal by defendant Terrence Pegues is attached as Exhibit "B".

26.     The consent to removal by defendant National Liability & Fire Insurance Company is attached as Exhibit "C".

27.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Royal T Express Transport, LLC in connection with the State Court Action are attached hereto as Exhibit "A".

28.     The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

29.     The undersigned counsel hereby certifies that a copy of this Notice of Removal has been served upon all counsel, including counsel for the Plaintiffs.  See Exhibit "D", attached hereto.

30.     The undersigned counsel further certifies that a Notice of filing of Notice of Removal, will be promptly filed with the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. See Exhibit "E".

**VII.     Relief Requested**

31.     Defendant requests the United States District Court for the Middle District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders as may be necessary to bring before it all parties necessary for trial of this action.

**VIII.   Reservation of Rights**

32.     By filing this Notice of Removal, Defendant does not waive any objections, defenses or affirmative defenses it may have to this action, intends no admission of fact and/or liability by virtue of this filing, and expressly reserves the right to supplement this Notice of Removal.

WHEREFORE, based upon this Honorable Court's original jurisdiction over diverse citizens, pursuant to 28 U.S.C. §1332, Royal T Express Transport, LLC respectfully requests this action proceed in this Honorable Court as an action properly removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Respectfully submitted,

**NEUNERPATE**

_____/s/ Kenneth W. Jones_____
**KENNETH W. JONES, JR.#23803**
(kjones@neunerpate.com)
**SARAH S. SONNIER        #39339**
(ssonnier@neunerpate.com)
**GREGORY W. BEASLEY #39407**
(gbeasley@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Rd. – Ste. 200
Lafayette, LA   70503
Telephone: 337-237-7000
Fax: 337-233-9450
Counsel for Defendants, _Royal T Express Transport and Terrence Pegues_

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
|---|---|---|---|
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

East Baton Rouge, Louisiana on the 22nd day of September 2023.

_____/s/ Ken Jones_____

Counsel